UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO AND ROSA CONTRERAS, WILLIAM AND MELVA PHILLIPS, TERESA BARNEY, KEITH AND TERESA MARCEL, SHERLIE CHARLOT, COLLEEN ANN O'HALLORAN, JENNIE MILLER, and EDWARD YAGER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR LLC, a Delaware Limited Liability Company, SOLUTIONSTAR, LLC, a Delaware Limited Liability Company, and DOES 1 through 1000,<br><br>Defendant. | No. 2:16-cv-00302-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Plaintiffs Eugenio and Rosa Contreras ("Contreras"), William and Melva Phillips ("Phillips"), Teresa Barney ("Barney"), Keith and Teresa Marcel ("Marcel"), Sherlie Charlot ("Charlot"), Colleen Ann O'Halloran ("O'Halloran"), Jennie Miller ("Miller"), and Edward Yager ("Yager") allege ten claims against Defendants Nationstar Mortgage LLC ("Nationstar")[1], Solutionstar LLC ("Solutionstar"),

---

[1] Defendant notes that it was erroneously named Nationstar LLC in the Complaint.

1

and Does 1-1000.[2]  According to the Complaint, both Nationstar and Solutionstar are subsidiaries of Nationstar Mortgage Holdings, Inc.  Plaintiffs claim that Defendants unfairly and excessively charged them for distressed mortgage fees.  Specifically, Plaintiffs allege Defendants engaged in two schemes to generate unwarranted fees: an Inspection Fee Scheme and a Pay-to-Pay Scheme.  Plaintiffs further allege that Nationstar orders these property inspections through its affiliate Solutionstar in order to unfairly mark-up charges to borrowers.

Plaintiffs purport to represent multiple nationwide classes and various sub-classes of borrowers who have been similarly injured by Defendants' actions.  Defendants now move to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted in accordance with Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Defendants' Motion is GRANTED in part and DENIED in part.[3]

## BACKGROUND

Plaintiffs allege that Nationstar and its affiliate Solutionstar participated in two general schemes:  the "Inspection Fee Scheme" and the "Pay-to-Pay Scheme." Plaintiffs Contreras, Phillips, Barney, Marcel, Charlot, and O'Halloran, on behalf of themselves, the nationwide classes, and their respective state-specific sub-classes, allege Nationstar used a computerized loan servicing platform that automatically ordered an inspection of the mortgaged property when a borrower defaulted on a loan. Nationstar sent these orders to Solutionstar, who in turn paid a third party to perform the actual inspection so that Solutionstar could mark up the inspection fees charged to borrowers (the "Inspection Fee Scheme").  Plaintiffs Yager and Miller, also on behalf of themselves, the nationwide classes, and their respective state-specific sub-classes,

---

[2] For ease of reading, each representative Plaintiff will be referred to throughout in the singular, even where the representatives are a married couple.

[3] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

2

contend Nationstar charged them a fee to make online or telephone payments (the "Pay-to-Pay Scheme").  Plaintiffs say this fee was charged only to defaulting borrowers or those who appeared to be at risk of default.

Specifically, Plaintiffs allege common law claims for breach of contract against Nationstar (Count I), breach of the implied covenant of good faith and fair dealing against Nationstar (Count II), and unjust enrichment against both Nationstar and Solutionstar (Count III).  Plaintiffs' Complaint also alleges violations of:  (1) Oregon's Unlawful Trade Practices Act (UTPA), Or. Rev. Stat. § 646.605, et seq. (Count IV); (2) California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, et seq. (Count V); (3) California's Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788, et seq. (Count VI); (4) Arizona's Consumer Fraud Act, Ariz. Rev. Stat. § 44-1522 et seq. (Count VII); (5) Massachusetts' Regulation of Business Practice and Consumer Protection Act (RBPCPA), Mass. Gen. Laws Ann. Ch. 93A § 1 et seq. (Count VIII); (6) Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq. (DUTPA) (Count IX); and (7) Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/2, et seq. (CFDBPA) (Count X).[4]

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

---

[4] Counts IV through X are made against both Defendants, with the exception of Count VI which alleges violation of California's RFDCPA against Nationstar only.

47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, § 1202, at 94-95). If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that

"the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A. Fannie/Freddie Mortgage Holders

As a preliminary matter, all parties agree that Nationstar owns the servicing rights to the Fannie/Freddie Plaintiffs' home mortgages. Compl., ¶¶ 26-31, ECF No. 1; Mot. Dismiss, at 3, 7, ECF No. 11. The parties disagree whether possessing servicing rights entitles Defendants to the benefits of Section 20 of the uniform Deeds of Trust approved by the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Company (Freddie Mac). Section 20's "notice-and-cure" provision obligates both the lender and the borrower to notify the other party before commencing legal action and to allow that party a reasonable amount of time in which to correct the alleged deficiency. Defendants argue all claims brought by the Fannie/Freddie Plaintiffs are barred by Plaintiffs' failure to allege compliance with the notice-and-cure provision. Plaintiffs do not claim they provided such notice, but instead point to the plain language of the provision which binds and benefits only the borrower and the lender, not the servicer.

To complicate matters, Section 13 states that the "covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." Without any analysis, Defendants therefore argue that "[t]he notice-and-cure provisions thus also benefit Nationstar since it was assigned the servicing rights to the loans." Mot. Dismiss, at 7. Plaintiffs briefly argue that nothing on the face of the complaint or in the deed of trust suggests that Nationstar is an

5

assignee, and then argue that Defendants could not possibly be bound or benefitted by the notice-and-cure provision in any event, because Section 20 cannot be extended to successors or assignees according to the language in Section 13.

Reasonably construed, the Court finds that the language "except as provided in Section 20" modifies only the word "bind"; it does not modify "benefit." Read in this light, a lender's successors and assignees would receive the benefits of the contract—including the notice and cure provision—without exception, but would bear the burdens of the contract except as otherwise stated in Section 20. That section specifically addresses "the mortgage loan servicing obligations to the Borrower," stating that those obligations would not automatically bind a purchaser, as suggested by Section 13. Rather, those obligations would remain with the loan servicer if and when the mortgage was assigned to another party. The Court thus finds successors and assignees of the lender are benefited by the notice-and-cure provision and are entitled to invoke it. The salient question then becomes whether Defendants are successors or assignees of the lender for each Plaintiff's mortgage.

As explained in more detail below, documentation indicates that Nationstar is properly considered the lenders' assignee with respect to the mortgage agreements of Contreras and Phillips. As a result, with respect to those Plaintiffs only, Nationstar (but not Solutionstar) is entitled to pre-suit notice and an opportunity to cure. The Court is not convinced, however, that either Nationstar or Solutionstar are assignees of the lenders with respect to the mortgages of Fannie/Freddie Plaintiffs Barney, Yager, O'Halloran, and Marcels. Defendants are therefore not entitled to notice and an opportunity to cure with respect to those Plaintiffs. With that in mind, the Court will address Defendants' arguments with respect to each Plaintiff in turn below.

### 1. Contreras (Counts I, II, III, V, and VI)

An assignment of Deed of Trust was recorded in favor of Nationstar by the nominee of Contreras' lender. Compl. Ex. 1, ECF No. 1-2, at 18. As a result of that assignment, Contreras was bound by the notice-and-cure provision and all of its

claims—both common law and statutory—against Nationstar are barred for failure to comply with the notice-and-cure provision. Hill v. Nationstar Mortgage LLC, 2015 WL 4478061, at *3 (S.D. Fla. July 6, 2015) ("[R]egardless of the cause of actions alleged, the Homeowners' claims are entirely based on their mortgage contracts . . . . [a]ccordingly, the Homeowner's failure to provide notice and an opportunity to cure requires dismissal of [all] claims"). Defendants' Motion to Dismiss Contreras' claims against Nationstar in Counts I, II, III, V, and VI is thus GRANTED. Because the Court believes Plaintiff may be able to cure this defect, however, dismissal is with leave to amend.

As for Contreras' claim against Solutionstar in Count III, nowhere does Solutionstar claim it was a successor or assignee of the lender. Given that the notice and cure provision is the only basis on which Solutionstar sought dismissal, its Motion to Dismiss Contreras' claim in Count III is DENIED.

Finally, by way of Count V, Contreras alleges Solutionstar violated California's UCL. California's UCL prohibits, inter alia, "any unlawful, unfair or fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. A violation of the UCL is stated if an act violates any or all three prongs: unlawful, unfair, and/or fraudulent. Shroyer v. New Cingular Wireless Services, Inc., 622 F. Supp. 3d 1035, 1043 (9th Cir. 2010). Contreras' UCL claim alleges Defendants "employed a scheme . . . to defraud and mislead borrowers," engaged in unfair and deceptive acts, obtained property by fraud, and knowingly published false information. Compl., ¶¶ 216-226, ECF No. 1. The general allegations relating to the Inspection Fee Scheme assert that at the same time Nationstar began ordering property inspections through Solutionstar, borrowers were charged a higher fee and were subjected to more frequent inspections ("up to three or more inspections in a 30-day period and sometimes multiple inspections in a single day"). Compl., ¶ 15, ECF No. 1. Taken together, these allegations are sufficient to state a UCL claim under the heightened pleading standard of Rule 9(b). Defendants' Motion to Dismiss Contreras' claims against Solutionstar in Count V is therefore DENIED.

### 2. Phillips (Counts I, II, III, and VII)

Nationstar was not only Phillips' servicer, but also the lender, and was therefore entitled to the benefits of the notice-and-cure provision, which—as discussed above—Plaintiff has failed to allege. See Compl. Ex. 2, ECF No. 1-3. Phillips' argument that Nationstar is being sued in its capacity as the loan servicer, and not in its capacity as the lender, is not well taken. Phillips cites to no authority in support of such a fine distinction, and the Court is not persuaded that a loan servicer/lender is not entitled to notice under a provision of the deed requiring notice to lenders and assignees. As with Contreras, all of Phillips' claims against Nationstar are consequently barred for failure to allege compliance with the notice-and-cure provision of the Fannie/Freddie Deed of Trust. Hill, 2015 WL 4478061 at *3. The Motion to Dismiss Phillips' claims against Nationstar in Counts I, II, III, and VII is GRANTED with leave to amend.

As with Contreras, because no separate issue is raised by Defendant Solutionstar in Count III, and there is no claim that Solutionstar was a successor or assignee of the lender, the Motion to Dismiss Phillips' claim against Solutionstar in Count III is DENIED.

Lastly, Phillips alleges in Count VII that Nationstar, as the originator of Plaintiff's loan, violated the Arizona Consumer Fraud Act by making misleading statements in connection with the origination and sale of that loan to Phillips.[5] Phillips fails to allege, however, that Solutionstar was involved in the origination or "sale" of the loan or that Solutionstar took any part in selling other merchandise to Plaintiff. Therefore, Defendants' Motion to Dismiss Phillips' claim against Solutionstar in Count VII is GRANTED with leave to amend.

### 3. Barney (Counts I, II, III, and IV)

There is no claim by either side suggesting that Nationstar was granted anything more than servicing rights with respect to Barney's loan, and no exhibits indicate an assignment of the loan to either Nationstar or Solutionstar. Additionally, there are no

---

[5] Because the Court has already dismissed Count VII as against Nationstar for Plaintiff's failure to allege compliance with the deed's notice and cure provision, the Court need not and does not make any determination with respect to the sufficiency of Plaintiff's ACFA factual allegations against Nationstar.

8

facts on the face of the Complaint showing that the Defendants are either the successor or assignee of the lender.  Accordingly, nothing indicates either Defendant is entitled to invoke the notice-and-cure provision.   Giotta v. Ocwen Financial Corporation, 2015 WL 8527520 (N.D. Cal. Dec. 11, 2015) ("Nothing on the face of the complaint or in the deed of trust itself suggests that the lender has transferred property rights to . . . defendants."). The Motion to Dismiss Barney's claims against Nationstar in Counts I, II, and III and against Solutionstar in Count III is therefore DENIED.

Oregon's UTPA prohibits unfair or deceptive conduct in trade or commerce, including allowing a customer to enter into a transaction that confers no material benefit on the customer and permitting a customer to enter into a transaction with knowledge that there is no reasonable probability that the customer can pay in full.  Or. Rev. Stat. § 646.605 et seq.  Defendants first argue that Plaintiff Barney's loan is not subject to the UPTA because it was acquired before 2010.  But while the loan itself may not fall under the UPTA, the loan servicing is subject to UTPA.  Cullen v. Investment Strategies, Inc., 911 P.2d 936, 941 (Or. App. 1996) ("where borrowers retain the professional services of a non-lender in connection with a nonbusiness (i.e., personal, family, or household purpose) loan, those services fall within the UTPA, even though the loan itself does not.").  The Court therefore finds that conduct related to the servicing of Barney's loan is subject to the UPTA, and dismissal is not warranted on those grounds.

Defendants next argue that Plaintiff does not allege any deceptive statement or relevant transaction, and that Defendants' conduct was not unconscionable in any event because there is material benefit to the inspections (identifying vacant properties and preventing damage or loss of property value).  Plaintiff contends "factual disputes regarding the 'value' of Defendants' property inspections are inappropriately raised in a motion to dismiss."  Pls.' Opp. Defs.' Mot. Dismiss, 8:17, ECF No. 15.  The Court finds Plaintiff has the better argument.  Plaintiff has sufficiently alleged that Defendants engaged in deceptive conduct in the servicing of Plaintiff's loan.  Moreover, a motion to dismiss assesses only Plaintiff's pleading.  Because a factual dispute exists as to

whether the inspections benefitted the customer (borrower), the Motion to Dismiss Barney's claim against both Nationstar and Solutionstar in Count IV is DENIED.

### 4. Yager (Counts I, II, III, V, and VI)

As with Barney, there is no suggestion by either side that Nationstar was granted more than servicing rights to Yager's loan, and as a result Defendants cannot invoke the notice-and-cure provision as a bar to Yager's claims. Because Defendants raise no other issues as to Counts I, II, and III, the Motion to Dismiss Yager's claims against Nationstar in Counts I, II, and III is DENIED.[6]

As for Yager's statutory claims, California's UCL prohibits, inter alia, "any unlawful, unfair or fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. A violation of the UCL is stated if an act violates any or all three prongs: unlawful, unfair, and/or fraudulent. Shroyer, 622 F. Supp. 3d at 1043. Yager alleges Nationstar began charging him a fee for making payments over the phone and that he was not told he would be charged an additional fee for making an online payment. With the Complaint, Plaintiff provides a transaction history detailing the fees charged. See Compl. Ex. 30. Yager alleges the supposed convenience fee was only charged because he was at risk of default, and that the fees were misrepresented on transacrtion statements as "E-Pay Fees." The contract permitted reimbursement for reasonable fees, "but not marked up fees designed to make a profit." Weiner v. Ocwen Fin. Corp., 2015 WL 4599427 (E.D. Cal. July 29, 2015). The Court finds these allegations are sufficient to state a claim under the UCL against Nationstar, and the Motion to Dismiss Yager's UCL claim against Nationstar in Count V is therefore DENIED.

While the Court also finds these allegations are likely sufficient to state a violation of the Rosenthal Act prohibiting a debt collector from using false, deceptive, or misleading representations or means in collecting a debt, 15 USC §§ 1692e, 1692f(1); Cal. Civ. Code § 1788.17, the Court is not convinced that Yager has alleged facts sufficient to support its claim of equitable tolling of the applicable one-year statute of

---

[6] Count III against Solutionstar is dismissed for other reasons, as explained below.

limitations. "Equitable tolling is extended only sparingly by the courts, and it is generally awarded in two situations: (1) where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or (2) where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Wilson v. Gordon & Wong Law Group, P.C., Case No. 2:13-cv-00609, 2013 WL 6858975 (E.D. Cal. Dec. 24, 2013) (internal citation and quotation marks omitted). Yager alleges it is entitled to tolling, Compl. ¶¶ 143-148, but fails to allege the factual basis supporting that conclusion. Yager's claim is therefore time barred and the Motion to Dismiss Count VI as alleged against Nationstar is GRANTED. Because Yager may be able to sufficiently plead a basis for tolling the statute of limitations, dismissal is with leave to amend.

Lastly, because the facts with respect to the Pay-to-Pay Scheme as alleged do not implicate Solutionstar, the Motion to Dismiss Yager's claims against Solutionstar in Counts III and V is GRANTED with leave to amend.

### 5. O'Halloran (Counts I, II, III, and VIII)

Representative Plaintiff O'Halloran of Massachusetts stipulated to dismissal with prejudice of her individual claims against Defendants. Stip. Vol. Dismissal, ECF No. 18. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and the representation of the parties that O'Halloran and Defendants have reached a settlement, the Court hereby DISMISSES O'Halloran's individual claims against both Defendants with prejudice.

The parties' stipulation further provides that the settlement "does not affect the claims or rights of . . . the proposed Class [or] any proposed sub-Class . . . ." Id. Despite what appears to have been the parties' intent, however, an accepted settlement offer by a representative plaintiff—and the subsequent voluntary dismissal with prejudice—moots that plaintiff's individual claims. And once those individual claims are mooted, that plaintiff no longer has an interest in representing the class. Without a representative, the claims of a putative class that has not yet been certified must also be dismissed. See Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66 (2013); Campbell-

Ewald Co. v. Gomez, 136 S. Ct. 663 (2016).  Consequently, Counts I, II, III, and VIII as brought by the Massachusetts Distressed Mortgage Fees Class against all Defendants are DISMISSED without prejudice.  Plaintiff may (but is not required to) amend these claims to name a new representative plaintiff in Plaintiff's First Amended Complaint.

#### 6. Marcel (Counts I, II, and III)

Because there is no suggestion that the Marcel mortgage was assigned to Nationstar, Defendants are not entitled to the benefit of the notice and cure provision.  Defendants' Motion to Dismiss the Marcel claims against Nationstar in Counts I, II, and III and against Solutionstar in Count III is therefore DENIED.[7]

### B. FHA Mortgage Holders

The Federal Housing Authority ("FHA") mortgages contain no notice-and-cure provision and Defendants do not move to dismiss Counts I-III as they pertain to the FHA Plaintiffs, Charlot and Miller.  The Court therefore addresses the FHA Plaintiffs' statutory claims below.

#### 1. Charlot (Count IX)

Florida's DUTPA makes unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."  Fla. Stat. § 501.204.  Defendants argue that loan servicers are not subject to Florida's DUTPA because they do not act in trade or commerce.  As noted by both sides, the DUTPA defines trade or commerce as "the advertising, soliciting, providing, offering, or distributing . . . any good or service . . . or thing of value . . . ."  Fla. Stat. § 501.203(8).  The servicing of a mortgage and debt collection activities therefore do not generally fall within the DUTPA.  Benjamin v. CitiMortgage, Inc., 2013 WL 1891284, at *5 (S.D. Fla. May 6, 2013) ("CitiMortgage merely obtained a legal interest in a mortgage note from a third party lender and proceeded to take efforts to enforce the terms of that mortgage.").  Defendants claim "Nationstar simply exercised already existing rights under Charlot's mortgage," and, as a

---

[7] Marcel does not bring any statutory claims against Defendants.

12

loan servicer, Nationstar is therefore not subject to the DUTPA.

Charlot argues, however, that this case is more similar to <u>Alhassid v. Bank of America, N.A.</u>, 60 F. Supp. 3d 1302, 1324 (S.D. Fla. 2014). There, the court denied Nationstar's motion to dismiss plaintiff's DUTPA claim based on plaintiff's allegations that Nationstar "assessed and sought to collect fees outside the scope of its legal entitlement, and more importantly, billed Plaintiffs for <u>specific services</u> which were unauthorized and which Nationstar never performed." Plaintiff has the better argument. Charlot alleges Nationstar charged her marked-up inspection fees, fees for services that were unauthorized and/or never performed, as well as foreclosure fees despite not being in foreclosure. See Compl. ¶¶ 246-258; Compl. Exs 16-18, EFC No. 1-17 to 1-19. Therefore, Defendants' Motion to Dismiss Charlot's claims against Nationstar and Solutionstar in Count IX is DENIED.

### 2. Miller (Count X)

The Illinois CFDBPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices, including . . . deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact . . . in the conduct of any trade or commerce . . . ." 815 Ill. Comp. Stat. Ann. 505/2. In addition to alleging the Pay-to-Pay Scheme as described above, Miller contends that her extra payments were misapplied to transactional fees instead of being applied to her principal loan balance. Defendants argue that Plaintiff's claim does not meet the heightened pleading standard of Rule 9(b) because it does not point to a particular misrepresentation. But Plaintiff alleges specific dates and amounts charged and includes a transaction history reflecting those alleged fees. Compl. at ¶¶ 21, 133-143, and Compl. Ex. 29. The Court finds these allegations concerning Nationstar's conduct are sufficient to survive the motion to dismiss.

Similarly, Defendants claim Plaintiff has failed to alleged intent, but in fact Plaintiff has adequately alleged a scheme to mislead borrowers by way of a Pay-to-Pay Scheme that was not disclosed to those borrowers. See <u>Chow v. Aegis Mortg. Corp.</u>, 286 F.

Supp. 2d 956, 963 (N.D. Ill. 2003) ("To satisfy the intent requirement, plaintiff need not show that defendant intended to deceive the plaintiff, but only that the defendant intended the plaintiff to rely on the (intentionally or unintentionally) deceptive information given."). Defendants' Motion to Dismiss Miller's claims against Nationstar in Count X is DENIED.

As with Yager, the Pay-to-Pay Scheme as alleged does not implicate Solutionstar. Therefore, the Motion to Dismiss Miller's claims against Solutionstar in Count X is GRANTED with leave to amend.

## CONCLUSION

For all the reasons set forth above, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part as follows:

1. The Motion is GRANTED as to Contreras' claims against Nationstar in Counts I, II, III, V, and VI. Because Defendant Nationstar was entitled to the benefit of the notice-and-cure provision and Plaintiff does not allege that they complied with that provision, these claims are DISMISSED. Plaintiff will be given one opportunity to amend to allege that they provided adequate notice to Defendants as required by the Fannie/Freddie Deed of Trust. The Motion is DENIED as to Plaintiff Contreras' claims against Solutionstar in Counts III and V.

2. The Motion is GRANTED as to Phillips' claims against Nationstar in Counts I, II, III, and VII. Because Defendant Nationstar was entitled to the benefit of the notice-and-cure provision and Plaintiff does not allege that they complied with that provision, these claims are DISMISSED. Plaintiff will be given one opportunity to amend to allege adequate compliance under the Fannie/Freddie Deed of Trust. The Motion is DENIED as to Phillips' claim against Solutionstar in Count III and GRANTED as to Phillips' claim against

Solutionstar in Count VII with leave to amend.

3. The Motion is DENIED as to Barney's claims against Nationstar in Counts I, II, III, and IV. The Motion is DENIED as to Barney's claims against Solutionstar in Counts III and IV.

4. The Motion is DENIED as to Yager's claims against Nationstar in Counts I, II, III, and V. The Motion is GRANTED as to Yager's claim against Nationstar in Count VI. The Motion is GRANTED as to Yager's claims against Solutionstar in Counts III and V. Plaintiff will be given one opportunity to amend to allege (1) a factual predicate for equitable tolling of the RFDCPA statute of limitations, and (2) Solutionstar's involvement in the pay-to-pay scheme.

5. Pursuant to the stipulation of the parties and Fed. R. Civ. P. 41(a)(1)(A)(ii), the Court hereby DISMISSES O'Halloran's individual claims against both Defendants with prejudice. Counts I, II, III, and VIII as brought by the Massachusetts Distressed Mortgage Fees Class against all Defendants are DISMISSED without prejudice. Plaintiff may (but is not required to) amend these claims to name a new representative plaintiff in Plaintiffs' First Amended Complaint.

6. The Motion is DENIED as to Marcels' claims against Nationstar in Counts I, II, and III. The Motion is DENIED as to Plaintiff Marcels' claims against Solutionstar in Count III.

7. The Motion is DENIED as to Charlot's claims against Nationstar and Solutionstar in Count IX.

8. The Motion is DENIED as to Miller's claim against Nationstar in Count X. The Motion is GRANTED as to Miller's claim against Solutionstar in Count X. Plaintiff will be given one opportunity to amend to allege Solutionstar's involvement in the pay-to-pay scheme.

9. Should Plaintiffs wish to file an amended complaint, they must do so not

later than twenty (20) days after this Memorandum and Order is electronically filed. Failure to file an amended pleading within those time parameters will result in an order dismissing Plaintiffs' complaint in its entirety, with prejudice and without further notice to the parties.

IT IS SO ORDERED.

Dated: August 9, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE