UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO AND ROSA CONTRERAS, WILLIAM AND MELVA PHILLIPS, TERESA BARNEY, KEITH AND TERESA MARCEL, SHERLIE CHARLOT, COLLEEN ANN O'HALLORAN, JENNIE MILLER, and EDWARD YAGER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, A DELAWARE LIMITED LIABILITY COMPANY; SOLUTIONSTAR, LLC, A DELAWARE LIMITED LIABILITY COMPANY; and DOES 1 through 1000,<br><br>Defendants. | No. 2:16-cv-00302-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Through this class action, Plaintiffs Eugenio and Rosa Contreras ("Contreras"), William and Melva Phillips ("Phillips"), Teresa Barney ("Barney"), Keith and Teresa Marcel ("Marcel"), Sherlie Charlot ("Charlot"), Colleen Ann O'Halloran ("O'Halloran"), Jennie Miller ("Miller"), and Edward Yager ("Yager"), individually and on behalf of others similarly situated, seek relief from Defendants Nationstar Mortgage LLC ("Nationstar")[1],

---

[1] Defendant notes that it was erroneously named Nationstar LLC in the Complaint.

1

Solutionstar LLC ("Solutionstar"), and Does 1-100 arising from fees assessed during the court of the loan. According to the Complaint, both Nationstar and Solutionstar are subsidiaries of Nationstar Mortgage Holdings, Inc. Plaintiffs claim that Defendants unfairly and excessively charged them for distressed mortgage fees. Specifically, Plaintiffs allege Defendants engaged in two schemes to generate unwarranted fees; an Inspection Fee Scheme and a Pay-to-Pay Scheme. Plaintiffs further allege that Nationstar orders these property inspections through its affiliate Solutionstar in order to unfairly mark-up charges to borrowers.

Presently before the Court are two motions: Plaintiffs' Motion for Leave to Amend the Complaint (ECF No. 31), and Defendants' Motion to Dismiss (ECF No. 28). Both parties filed timely oppositions and replies to each motion. ECF Nos. 36, 37, 38, 39. For the reasons set forth below, Plaintiffs' Motion is GRANTED and Defendants' Motion is DENIED as moot.[2]

## ANALYSIS

Under Rule 15(a)(2), courts should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Ninth Circuit has noted that the policy is one "to be applied with extreme liberality," Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). In exercising its discretion to permit or deny a party to amend its pleading, this Court considers five factors: (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether the movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party; and (5) whether the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). Whether amendment will

---

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

unduly prejudice the opposing party is the most important consideration in a court's analysis under Rule 15(a). Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Consideration of each of these factors favors permitting amendment here.

Plaintiffs have not previously been granted leave to amend, and, while Plaintiffs acknowledge that they delayed in seeking the proposed relief, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." Owens v. Kaiser Found. Health Plan, Inc., 244 F. 3d 708, 712-13 (9th Cir. 2001) (alterations in original) (quoting Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1998)). While Defendants point out that Plaintiffs have not proffered any explanation for not including the RICO claim in the initial complaint, Plaintiffs counter that it would not have made sense for them to seek leave to add their RICO cause of action while the Court was already considering Defendants' original Motion to Dismiss. Once Plaintiffs were permitted leave to amend, they believed they could permissibly add the RICO claim at that time, and when Defendants disputed their ability to do so, Plaintiffs filed the instant Motion.[3] In the overall scheme of things, the Court does not consider Plaintiffs to have unduly delayed. Additionally, Defendants have not pointed to any prejudice it will suffer, nor can the Court conceive any, if leave to amend were to be granted. To the contrary, discovery is still in its infancy, the parties are still litigating over the pleadings, and no trial date has been set. Simply having to defend against newly fashioned allegations is not enough to warrant denying Plaintiffs' request.

Furthermore, Defendants do not allege, and nothing in the record indicates Plaintiffs' proposed amendments are the result of any bad faith. Finally, regardless of whether Defendants believe they will inevitably succeed in defending against Plaintiffs' new allegation, nothing before the Court indicates that the amended claims are futile. Accordingly, leave to amend must be freely given here. Not later than five (5) days

---

[3] For future reference, the Court advises parties that when it grants leave to amend an existing complaint, its Order should be construed to permit amendment only of the causes of action already pled within the prior pleading.

following the date this Memorandum and Order is electronically filed, Plaintiffs are directed to file a Second Amended Complaint, and Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint is thus DENIED as moot.

**CONCLUSION**

For the reasons just stated, Plaintiffs' Motion for Leave to Amend the Complaint (ECF No. 31) is GRANTED. Not later than five (5) days following the date this Memorandum and Order is electronically filed, Plaintiffs are directed to file their Second Amended Complaint. Defendants' pending Motion to Dismiss (ECF No. 28) is accordingly DENIED without prejudice.

IT IS SO ORDERED.

Dated: September 17, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE