# EXHIBIT B

JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
ERIK KEMP (State Bar No. 246196)
ek@severson.com
MARY KATE KAMKA (State Bar No. 282911)
mkk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
NATIONSTAR MORTGAGE LLC
(erroneously named as Nationstar LLC) and
SOLUTIONSTAR LLC

RECEIVED

MAR 14 2018

KELLER ROHRBACK L.L.P.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA — SACRAMENTO DIVISION

| | |
|---|---|
| EUGENIO AND ROSA CONTRERAS, WILLIAM AND MELVA PHILLIPS, TERESA BARNEY, KEITH AND TERESA MARCEL, SHERLIE CHARLOT, COLLEEN ANN O'HALLORAN, JENNIE MILLER, AND EDWARD YAGER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR LLC, A DELAWARE LIMITED LIABILITY COMPANY; SOLUTIONSTAR, LLC, A DELAWARE LIMITED LIABILITY COMPANY; AND DOES 1 THROUGH 1000,<br><br>Defendants. | Case No. 2:16-CV-00302-MCE-EFB<br><br>**RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Action Filed:  February 12, 2016<br>Trial Date:    TBD |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Nationstar Mortgage LLC and Solutionstar LLC (collectively "Defendants") respond to Plaintiffs' First Request for Production of Documents (the "Requests") as follows.

///

## GENERAL OBJECTIONS

1.      Defendants object to these Requests to the extent that they purport to impose obligations on Defendants greater than those required under FRCP Rules 26 and 34. In responding to these Requests, Defendants will comply with their obligations under FRCP Rules 26 and 34 and other applicable provisions of federal law, but will not provide additional information requested by Plaintiffs or take other steps not required under the FRCP.

2.      Pursuant to FRCP Rule 26(b)(2)(B), Defendants will not provide documents or records that are not reasonably accessible because of undue burden or cost.

3.      Defendants object to these Requests to the extent they purport to seek specific information relating to purported absent class members. Defendants maintain that this case is not appropriate for class certification and that, even if a class were ultimately certified, the class definition would have to be limited and/or altered significantly. Class certification has not yet been adjudicated. Therefore, Plaintiffs have no standing to represent any purported absent class members and cannot issue discovery requests on their behalf. Requests seeking information related to purported absent class members are not relevant to the proceeding as they are not related to either parties' claims or defenses. (See Fed. R. Civ. P. 26(b)(1).)

4.      Certain information sought in these Requests can only be obtained and produced, as a practical matter, by searching electronically stored information or "ESI" maintained by Defendants. A manual search for and production of such information would be unduly burdensome and oppressive. For the requests below that purport to seek ESI search, Defendants are prepared to meet and confer with Plaintiffs to discuss and agree upon appropriate protocols and parameters for the searching and production of ESI that is proportionate to the claims alleged in the Complaint. Defendants reserve their right to move the Court to require Plaintiffs to pay some or all of the costs of searching, gathering, or producing ESI. Defendants provides their written responses to these Requests with the understanding that further responses to certain Requests can only be provided after the parties reach an agreement on what ESI searches are necessary and proportional to this litigation.

5.      Defendants object to these Requests, and to each Request contained herein, to the

2

1  extent that the Requests directly or indirectly seek records which are protected by the attorney-

2  client privilege, work product doctrine, or other applicable privileges which prevent disclosure of

3  such records.  Any disclosure of privileged information in its responses to these Requests is

4  unintentional and should not be deemed a waiver of privilege by Defendants.

5        6.     Defendants object to the Requests to the extent that they request proprietary,

6  private, and/or sensitive or confidential records.  Defendants will not disclose such information

7  unless, and until, the parties finalize an appropriate protective order protecting such records from

8  disclosure to third parties.

9        7.     Defendants are continuing their investigation and make these responses based on

10  information they have obtained to date.  Defendants reserve the right to revise, correct,

11  supplement, or clarify any of these responses as may be warranted by Defendants' ongoing

12  investigation in its defense of this action.

13        8.     Each of these responses and general objections is incorporated into Defendants'

14  responses to the individual Requests set forth below, as if fully set forth therein.

15        9.     Defendants object that these requests are overbroad, unduly burdensome and seek

16  information that is not relevant to the claims and defenses of the parties in their request for

17  information dating back to 2006, i.e. the span of twelves years.  The generally applicable statutes

18  of limitations extend back only as far as five years, apart from a few outlier states that have breach

19  of contract statutes of limitations extending further.

20  **OBJECTIONS TO DEFINITIONS**

21        1.     Defendants object to the definition of "organizational chart" as including "any

22  document that reflects and depicts the reporting or relationship among and between persons,

23  groups, entities, divisions, directors or officers within a corporate entity" as vague, ambiguous,

24  overly broad, unduly burdensome, and seeking information outside the scope of permissible

25  discovery.  Defendants will respond with the understanding that the definition of "organizational

26  chart" is limited to records used for the purpose of describing the reporting or relationship among

27  and between persons, groups, entities, divisions, directors or officers within a corporate entity.

28        2.     Defendants object to the definition of "you" and "your" as including Defendants'

1  "officers, directors, employees, contractors, agents, attorneys, accounts, parent companies and

2  affiliates" as vague, ambiguous, overbroad, unduly burdensome, and seeking information outside

3  of the scope of permissible discovery.  Defendants further object to the definition of "you" and

4  "your" to the extent it purports to require a response on behalf of any party other than Defendants.

5  Defendants will respond only on behalf of themselves.

6  ## OBJECTIONS TO INSTRUCTIONS

7        1.        Defendants object to Instruction No. 2 as overbroad, unduly burdensome, and

8  seeking information outside of the scope of permissible discovery. Defendants' responses shall be

9  limited to documents within Defendants' possession, custody, and control.

10       2.        Defendants object to Instruction No. 4 as overbroad, unduly burdensome, and not

11  proportional to the needs of this case.  At this time, Defendants object to searching computer

12  archives, backup tapes, or other source of information that are not reasonably accessible. If

13  Plaintiffs demonstrate good cause for the search of sources of information that are not reasonably

14  accessible, the parties will need to meet and confer regarding the sharing of costs for such a

15  search.

16       3.        Defendants object to Instruction No. 6 on the grounds that it imposes obligations

17  greater than those required under the FRCP.  Defendants will comply with their obligations under

18  the FRCP with regard to documents withheld for privilege.

19       4.        Defendants object to Instruction No. 10 on the grounds that it is unduly

20  burdensome and imposes obligations greater than those required under the FRCP.  Defendants will

21  comply with their obligations under the FRCP with regard to the production of a privilege log.

22       5.        Defendants object to Instruction No. 11 as unduly burdensome and because it

23  explicitly requests information protected by the attorney-client privilege and attorney work

24  product privilege.

25       6.        Defendants object to Instruction No. 12 as unduly burdensome, and seeking

26  information outside of the scope of permissible discovery. Defendants will comply with their

27  obligations under the FRCP to search for and produce records in their possession, custody, and

28  control.

7.     Defendants object to Instruction No. 13 as unduly burdensome, and seeking information outside of the scope of permissible discovery. Defendants will comply with their obligations under the FRCP and search for and produce records in their possession, custody, and control.

8.     Defendants object to Instruction No. 16.  Defendants will meet and confer with Plaintiffs to develop an agreed upon ESI search protocol.  Once the ESI protocol is finalized, Defendants' production will comply with the procedures set forth in that protocol.

## FORM OF PRODUCTION

1.     Defendants object to Plaintiffs' request that all hard copy documents and electronically-stored information be produced in accordance with the formats and parameters set forth in Plaintiffs' Exhibits A and B.  Defendants will produce its hard copy documents in the format which it is ordinarily maintained by Defendants in their ordinary course of business. Defendants will produce electronically-stored information pursuant to the parties' agreed upon ESI protocol.

## RESPONSES TO DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:**

All imaged loan files, servicing records (including servicing notes and recorded calls) and payment histories concerning Plaintiffs' loans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to this request to the extent it seeks documents protected by the attorney-client privilege.

Subject to their specific and general objections stated above, and without waiver of any of those objections, Defendants respond: Defendants will produce the loan files, servicing records, and payment histories concerning the named Plaintiffs' loans.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents concerning Defendants' policies, practices, and procedures concerning Property Inspections.

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

2      Defendants object that this request is vague and ambiguous.  The requests is vague, among

3 other reasons, in its used of the phrase "[a]ll documents concerning."  Moreover, Plaintiffs'

4 complaint does not contain allegations pertaining to every aspect of Defendants' property

5 inspection program.

6      Defendants further object to this request to the extent it seeks documents protected by the

7 attorney-client privilege in its request for "[a]ll documents concerning" its policies and

8 procedures.

9      Subject to their specific and general objections stated above, and without waiver of any of

10 those objections, Defendants respond: Defendants will produce policies and procedures sufficient

11 to demonstrate how and when property inspections are ordered for borrowers' properties;

12 Nationstar's representations to borrowers regarding property inspections; and the amount

13 Nationstar charges to borrowers for property inspections between 2013 and the present.

14 **REQUEST FOR PRODUCTION NO. 3:**

15      All Documents concerning Defendants' policies, practices, and procedures concerning

16 Pay-to-Pay Fees.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

18      Defendants object that this request is vague, and ambiguous.  The requests is vague, among

19 other reasons, in its used of the phrase "[a]ll documents concerning."  Moreover, Plaintiffs'

20 complaint does not contain allegations pertaining to every aspect of Nationstar's collection of

21 online and telephonic payment fees from borrowers.

22      Defendants further object to this request to the extent it seeks documents protected by the

23 attorney-client privilege in its request for "[a]ll documents concerning" its policies and

24 procedures.

25      Subject to their specific and general objections stated above, and without waiver of any of

26 those objections, Defendants respond: Defendants will produce policies and procedures sufficient

27 to demonstrate the process by which it accepts online payments from borrowers; any fees charged

28 by Nationstar to borrowers for online payments; Nationstar's representations to borrowers

1   regarding online and telephonic payments between 2013 and the present.

2   **REQUEST FOR PRODUCTION NO. 4:**

3         All Documents concerning Defendants' policies, practices, and procedures concerning

4   logging, investigating and/or responding to telephone calls and written communications from

5   Borrowers concerning Property Inspections and/or Pay-to-Pay Fees, including any associated logs,

6   communications, or records regarding communications.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

8         Defendants object that this request is vague and ambiguous. The request is vague and

9   ambiguous, among other reasons, in its use of the phrase "[a]ll documents concerning."

10   Defendants further object to this request to the extent it seeks documents protected by the

11   attorney-client privilege in its request for "[a]ll documents concerning" its policies and

12   procedures.

13         Defendants further object that this request is overbroad and unduly burdensome in that it

14   purports to require Nationstar to review any and all records relating to borrowers' complaints in

15   the last twelve years to determine whether or not they concerned property inspections or online

16   and telephonic payment fees. Such a search and production is not proportional to the needs of this

17   case at this time.

18         Defendants further object to this Request on the grounds that it seeks confidential

19   information relating to purported absent class members. Defendants maintain that this case is not

20   appropriate for class certification and that, even if a class were ultimately certified, the class

21   definition would have to be limited and/or altered significantly. Because class certification has not

22   yet been adjudicated, Plaintiffs have no standing to represent any purported absent class members

23   and cannot issue discovery requests on their behalf. Requests seeking information related to

24   purported absent class members are not relevant to the proceeding as they are not related to either

25   parties' claims or defenses. (See Fed. R. Civ. P. 26(b)(1).) Moreover, Defendants further object

26   that producing logs and records of individual borrowers' complaints would require the disclosure

27   of those borrowers' private and confidential financial information. Defendants object that doing

28   so would violate those borrowers' rights to privacy.

1    Subject to their specific and general objections stated above, and without waiver of any of

2    those objections, Defendants respond: Defendants will produce their policies and procedures for

3    documenting, investigating, and responding to borrowers' written and telephonic communications

4    relating to property inspections and online and telephonic payment fees between 2013 and the

5    present.

6    **REQUEST FOR PRODUCTION NO. 5:**

7    Organizational Charts of Nationstar throughout the relevant time period.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

9    Defendants object that this request is overbroad, among other reasons, in that it is not

10   limited to any specific department at Nationstar.  Organizational charts from departments that have

11   no involvement in property inspections or online and telephonic payment fees are not relevant to

12   the parties' claims and defenses in this action.

13   Subject to their specific and general objections stated above, and without waiver of any of

14   those objections, Defendants respond: Defendants will produce organizational charts for the

15   departments within Nationstar involved in property inspections and online and telephonic payment

16   fees between 2013 and the present.

17   **REQUEST FOR PRODUCTION NO. 6:**

18   Organizational Charts of Solutionstar throughout the relevant time period.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

20   Subject to their specific and general objections stated above, and without waiver of any of

21   those objections, Defendants respond: Defendants will produce organizational charts for

22   Solutionstar between 2013 and the present.

23   **REQUEST FOR PRODUCTION NO. 7:**

24   Documents sufficient to show Nationstar's directors and officers throughout the relevant

25   time period.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

27   Defendants object that this request is vague and ambiguous in its failure to define the

28   phrase "directors and officers."  To the extent this request seeks information about Nationstar's

1  corporate officers and board of directors, Defendants object that such information is publicly

2  available and thus equally accessible to Plaintiffs.

3  **REQUEST FOR PRODUCTION NO. 8:**

4      Documents sufficient to show Solutionstar's directors and officers throughout the relevant

5  time period.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

7      Defendants object that this request is vague and ambiguous in its failure to define the

8  phrase "directors and officers." To the extent this request seeks information about Solutionstar's

9  corporate officers and board of directors, Defendants object that such information is publicly

10  available and thus equally accessible to Plaintiffs.

11  **REQUEST FOR PRODUCTION NO. 9:**

12      All Documents concerning any agreements formal or informal between Nationstar and

13  Solutionstar concerning Property Inspections.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

15      Defendants object to this request to the extent it seeks documents protected by the

16  attorney-client privilege in its request for "[a]ll documents concerning" the agreements.

17  Defendants further object that this request is vague and ambiguous with regard to the phrase "[a]ll

18  documents concerning" agreements.

19      Subject to their specific and general objections stated above, and without waiver of any of

20  those objections, Defendants respond: Defendants will produce documents sufficient to show all

21  agreements between Nationstar and Solutionstar concerning property inspection between 2013 and

22  the present.

23  **REQUEST FOR PRODUCTION NO. 10:**

24      All Documents concerning any agreements formal or informal between Nationstar and any

25  Property Inspection Vendor concerning Property Inspections.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

27      Defendants object to this request to the extent it seeks documents protected by the

28  attorney-client privilege in its request for "[a]ll documents concerning" the agreements.

1  Defendants further object that this request is vague and ambiguous with regard to the phrase "[a]ll

2  documents concerning" agreements.

3      Subject to their specific and general objections stated above, and without waiver of any of

4  those objections, Defendants respond: Defendants will produce documents sufficient to show all

5  agreements between Nationstar and the vendors it used to conduct property inspections between

6  2013 and the present.

7  **REQUEST FOR PRODUCTION NO. 11:**

8      All Documents concerning any agreements formal or informal between Solutionstar and

9  any Property Inspection Vendor concerning Property Inspections.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

11      Defendants object that this request is vague and ambiguous.  The request is vague and

12  ambiguous, among other reasons, in its use of the phrase "[a]ll documents concerning."

13  Defendants further object to this request to the extent it seeks documents protected by the

14  attorney-client privilege in its request for "[a]ll documents concerning" the agreements.

15      Subject to their specific and general objections stated above, and without waiver of any of

16  those objections, Defendants respond: Defendants will produce documents sufficient to show

17  agreements between Solutionstar and the vendors it used to conduct property inspections between

18  2013 .

19  **REQUEST FOR PRODUCTION NO. 12:**

20      Documents sufficient to show all persons and entities who are or have been involved in

21  Property Inspections, including but not limited to all Property Inspection Vendors retained by You

22  or who have performed Property Inspections for You.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

24      Subject to their general objections stated above, and without waiver of any of those

25  objections, Defendants respond: Defendants will produce all contracts between and among

26  Nationstar, Solutionstar, and the third-parties Defendants used to conduct property inspections.

27  **REQUEST FOR PRODUCTION NO. 13:**

28      Documents sufficient to show Your relationship with, affiliation with and/or ownership of

1  all Property Inspection Vendors who are or have been involved in Property Inspections.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

3      Subject to their specific and general objections stated above, and without waiver of any of

4  those objections, Defendants respond: Defendants will produce the contracts between them and

5  the vendors used for property inspections between 2013 and the present.

6  **REQUEST FOR PRODUCTION NO. 14:**

7      Documents sufficient to show all Borrowers who have been charged or assessed fees for

8  Property Inspections and the total amount charged or assessed for all such Property Inspections.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

10     Defendants object that this request is overbroad and unduly burdensome in that it purports

11 to require Defendants to search for and produce records relating to every single borrower that has

12 been charged for a property inspection by Nationstar over the course of the last twelve years.

13     Defendants object to this Request on the grounds that it seeks confidential information

14 relating to purported absent class members that would violate their right to privacy.  Defendants

15 maintain that this case is not appropriate for class certification and that, even if a class were

16 ultimately certified, the class definition would have to be limited and/or altered significantly.

17 Because class certification has not yet been adjudicated, Plaintiffs have no standing to represent

18 any purported absent class members and cannot issue discovery requests on their behalf.  Requests

19 seeking information related to purported absent class members are not relevant to the proceeding

20 as they are not related to either parties' claims or defenses.  (See Fed. R. Civ. P. 26(b)(1).)

21     Subject to their specific and general objections stated above, and without waiver of any of

22 those objections, Defendants respond: No documents exist that show all borrowers who have been

23 charged for a property inspection by Nationstar between February 2013 and the present.

24 **REQUEST FOR PRODUCTION NO. 15:**

25     Documents sufficient to show all amounts charged or billed to Nationstar for any Property

26 Inspections by Solutionstar and/or any Third Party Vendors.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

28     Subject to their specific and general objections stated above, and without waiver of any of

1   those objections, Defendants respond: No documents exist that show all charges billed to

2   Nationstar for any property inspection conducted by Solutionstar and/or any third party vendors.

3   However, Defendants will produce all agreements between Nationstar, Solutionstar, and third

4   party property inspection vendors that demonstrate the price both Solutionstar and the third-party

5   vendors charged Nationstar for property inspections.

6   **REQUEST FOR PRODUCTION NO. 16:**

7        Documents sufficient to show all amounts charged or billed to Solutionstar for any

8   Property Inspections by any Third Party Vendors or N Nationstar.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

10       Subject to their specific and general objections stated above, and without waiver of any of

11  those objections, Defendants respond: No documents exist that show all charges billed to

12  Nationstar for any property inspection conducted by Solutionstar and/or any third party vendors.

13  However, Defendants will produce all agreements between Solutionstar and third party property

14  inspection vendors that demonstrate the price that the third-party vendors charged Solutionstar for

15  property inspections.

16  **REQUEST FOR PRODUCTION NO. 17:**

17       Documents sufficient to show all amounts You have paid or agreed to pay for any Property

18  Inspections, including but not limited to payments or agreements to pay Property Inspection

19  Vendors for Property Inspections.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

21       Defendants object that this request is vague and ambiguous. To the extent this request is

22  seeking identical information sought in Requests No. 9, 10, 11, 15 and 16, Defendants further

23  object that this request is duplicative and incorporate their objections stated in response to those

24  requests.

25       Subject to their specific and general objections stated above, and without waiver of any of

26  those objections, Defendants respond: Defendants will produce documents sufficient to show all

27  agreements between and among Nationstar, Solutionstar, and third party vendors concerning

28  property inspections between 2013 and the present.

1  **REQUEST FOR PRODUCTION NO. 18:**

2      Documents sufficient to show all revenue You have generated from Property Inspections.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

4      Subject to their general objections stated above, and without waiver of any of those

5  objections, Defendants respond: No such documents exist.

6  **REQUEST FOR PRODUCTION NO. 19:**

7      All Documents concerning any formula(s), process(es), or calculation(s) You use to

8  determine the payment amount and terms charged for Property Inspections.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

10      Defendants object that this request is vague and ambiguous.  The request is vague and

11  ambiguous, among other reasons, in its use of the phrases "[a]ll documents concerning",

12  "formula(s), process(es), or calculation(s)", and "terms charged." As stated, this request does not

13  state with sufficient particularity the records requested.

14      Defendants further object to this request to the extent it seeks documents protected by the

15  attorney-client privilege in its request for "[a]ll documents concerning" the formula(s),

16  process(es), or calculation(s).

17  **REQUEST FOR PRODUCTION NO. 20:**

18      All Documents concerning any formula(s), process(es), or calculation(s) You use to

19  determine the payment amount and terms charged for Pay-to-Pay Fees.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

21      Defendants object that this request is vague and ambiguous.  The request is vague and

22  ambiguous, among other reasons, in its use of the phrases "[a]ll documents concerning",

23  "formula(s), process(es), or calculation(s)", and "terms charged." As stated, this request does not

24  state with sufficient particularity the records requested.

25      Defendants further object to this request to the extent it seeks documents protected by the

26  attorney-client privilege in its request for "[a]ll documents concerning" the formula(s),

27  process(es), or calculation(s).

28

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show all Borrowers that have been charged or assessed Pay-to-Pay Fees and the total amount charged or assessed for all such Pay-to-Pay Fees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants object that this request is overbroad and unduly burdensome in that it purports to require Defendants to search for and produce records relating to every single borrower that has been charged for an online or telephonic payment fee by Nationstar over the course of the last twelve years.

Defendants further object to the extent that producing responsive documents would invade the privacy rights of individuals who are not parties to this litigation.

Defendants object to this Request on the grounds that it seeks confidential information relating to purported absent class members that would violate their right to privacy.  Defendants maintain that this case is not appropriate for class certification and that, even if a class were ultimately certified, the class definition would have to be limited and/or altered significantly. Because class certification has not yet been adjudicated, Plaintiffs have no standing to represent any purported absent class members and cannot issue discovery requests on their behalf.  Requests seeking information related to purported absent class members are not relevant to the proceeding as they are not related to either parties' claims or defenses.  (See Fed. R. Civ. P. 26(b)(1).)

Subject to their specific and general objections stated above, and without waiver of any of those objections, Defendants respond: No documents exist that show all borrowers who have been charged for an online and telephonic payment fees by Nationstar between February 2013 and the present.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show all revenue You have generated from Pay-to-Pay Fees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to their general objections stated above, and without waiver of any of those objections, Defendants respond: No such documents exist.

1   **REQUEST FOR PRODUCTION NO. 23:**

2      All Documents concerning any formula(s), process(es), or calculation(s) You use to

3 determine the payment amount and terms charged for Pay-to-Pay Fees.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

5      Defendants object that this request is vague and ambiguous.  The request is vague and

6 ambiguous, among other reasons, in its use of the phrases "[a]ll documents concerning",

7 "formula(s), process(es), or calculation(s)", and "terms charged." As stated, this request does not

8 state with sufficient particularity the records requested.

9      Defendants further object to this request to the extent it seeks documents protected by the

10 attorney-client privilege in its request for "[a]ll documents concerning" the formula(s),

11 process(es), or calculation(s).

12   **REQUEST FOR PRODUCTION NO. 24:**

13      All Documents concerning Your policies, practices, and procedures for communication

14 with Borrowers about Property Inspections.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

16      Defendants object that this Request is entirely duplicative of Request No. 4, and

17 incorporate their objections to that request.

18      Defendants further object to this request to the extent it seeks documents protected by the

19 attorney-client privilege in its request for "[a]ll documents concerning" its policies and

20 procedures.

21      Subject to their specific and general objections stated above, and without waiver of any of

22 those objections, Defendants respond: Defendants will produce their policies and procedures for

23 documenting, investigating, and responding to borrowers' written and telephonic communications

24 relating to property inspections during the relevant time period.

25   **REQUEST FOR PRODUCTION NO. 25:**

26      All Documents concerning Your policies, practices, and procedures for communication

27 with Borrowers about Pay-to-Pay Fees.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants object that this Request is entirely duplicative of Request No. 4, and incorporate their objections to that request.

Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege in its request for "[a]ll documents concerning" its policies and procedures.

Subject to their specific and general objections stated above, and without waiver of any of those objections, Defendants respond: Defendants will produce their policies and procedures for documenting, investigating, and responding to borrowers' written and telephonic communications relating to online and telephonic payment fees between 2013 and the present.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents concerning Your policies, practices, and procedures for determining whether to request or perform any Property Inspections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants object that this Request is entirely duplicative of Request No. 2, and incorporate their objections to that request.

Subject to their specific and general objections stated above, and without waiver of any of those objections, Defendants respond: Defendants will produce policies and procedures sufficient to demonstrate how and when property inspections are ordered for borrowers' properties during the relevant time period.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning Your policies, practices, and procedures for determining whether to assess Pay-to-Pay Fees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendants object that this Request is entirely duplicative of Request No. 3, and incorporate their objections to that request.

Subject to their specific and general objections stated above, and without waiver of any of those objections, Defendants respond: Defendants will produce policies and procedures sufficient

1  to demonstrate the fees charged to borrowers for online and telephonic payments.

2  **REQUEST FOR PRODUCTION NO. 28:**

3  All Documents that describe all electronic systems You have used or currently use

4  concerning Property Inspections and Pay-to-Pay Fees, including any reviews or audits of such

5  systems.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

7  Defendants object that this request is vague and ambiguous.  The request is vague and

8  ambiguous, among other reasons, in its use of the phrase "[a]ll documents concerning."

9  Defendants further object that this request is vague in its request for records that "describe all

10  electronic systems" used or currently used for property inspections and online and telephonic

11  payments.

12  Defendants object to this request to the extent it seeks documents protected by the

13  attorney-client privilege in its request for "[a]ll documents concerning" the agreements.

14  Subject to their specific and general objections stated above, and without waiver of any of

15  those objections, Defendants respond: Defendants are not aware of and do not have in their

16  possession, custody, or control any documents that "describe" the electronic systems used to

17  conduct property inspections and online and telephonic payment fees.

18  **REQUEST FOR PRODUCTION NO. 29:**

19  Documents sufficient to show all automated loan mortgage servicing systems You use or

20  have used, including but not limited to Loan Servicing and Accounting Management Systems, as

21  identified in Paragraph 108 of the First Amended Complaint (Dkt. No. 22).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

23  Defendants object that this request is vague and ambiguous.  The request is vague and

24  ambiguous, among other reasons, in its use of the phrase "[a]ll documents concerning."

25  Defendants further object that this request is vague in its request for records that "show all

26  automated loan mortgage servicing systems You use or have used" for property inspections and

27  online and telephonic payments.

28  Defendants object to this request to the extent it seeks documents protected by the

1   attorney-client privilege in its request for "[a]ll documents concerning" the agreements.

2       Subject to their specific and general objections stated above, and without waiver of any of

3   those objections, Defendants respond: Defendants are not aware of any documents that "show all

4   automated loan mortgage servicing systems" they use.

5   **REQUEST FOR PRODUCTION NO. 30:**

6       Documents sufficient to show the inputs and settings You have programmed into any

7   automated loan servicing systems concerning Property Inspections and Pay-to-Pay Fees.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

9       Defendants object that this request seeks information that is not relevant to the claims or

10  defenses of the parties. Defendants further object that this request is vague and ambiguous it its

11  used of the undefined phrase "inputs and settings." Defendants further object that this request is

12  unduly burdensome in that it purports to require Defendants to search for and locate any type of

13  computer logic that is used in connection with property inspection fees and online and telephonic

14  payments.

15      Subject to their specific and general objections stated above, and without waiver of any of

16  those objections, Defendants respond: Defendants will produce records demonstrating logic used

17  by its electronic systems between 2013 and the present relating to property inspections and online

18  and telephonic payment fees, to the extent they exist and are reasonably accessible.

19  **REQUEST FOR PRODUCTION NO. 31:**

20      All Documents concerning Your policies, practices, and procedures for training employees

21  concerning Property Inspections and/or Pay-to-Pay Fees including, without limitation, training

22  materials (including, without limitation, all Power Point and other similar presentations,

23  background materials, and audio or video recordings of meetings or training sessions).

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

25      Defendants object that this request is vague, ambiguous, and compound.  The request is

26  vague and ambiguous, among other reasons, in its use of the phrase "[a]ll documents concerning."

27  Defendants further object to this request to the extent it seeks documents protected by the

28  attorney-client privilege in its request for "[a]ll documents concerning" the training materials.

1   Defendants further object that this request is unduly burdensome in its request that

2   Defendants search for all "background materials," and recordings of any and all training meetings

3   and sessions. Such a search is not proportional to the needs of this case.

4   Subject to their specific and general objections stated above, and without waiver of any of

5   those objections, Defendants respond: Defendants will produce the presentation materials used to

6   train its employees between 2013 and the present on property inspections and online and

7   telephonic payment fees.

8   **REQUEST FOR PRODUCTION NO. 32:**

9   All Documents concerning Your policies and procedures for monitoring, supervising,

10   and/or disciplining Employees who participate or have participated in Your business concerning

11   Property Inspections and Pay-to-Pay Fees.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

13   Defendants object that this request is vague and ambiguous.  The request is vague and

14   ambiguous, among other reasons, in its use of the phrase "[a]ll documents concerning."

15   Defendants further object to this request to the extent it seeks documents protected by the

16   attorney-client privilege in its request for "[a]ll documents concerning" the policies and

17   procedures.

18   Defendants further object that this request seeks information that is not relevant to the

19   claims and defenses of the parties.  The complaint contains allegations pertaining to Defendants'

20   practice of charging property inspection and online and telephonic payment fees.  It does not

21   contain allegations that Defendants' employees did not receive proper training on this issue, or

22   that they failed to follow company policies.

23   Defendants further object that this request seeks information that violates third parties'

24   right to privacy.

25   **REQUEST FOR PRODUCTION NO. 33:**

26   All Documents concerning any investigation You have conducted or overseen concerning

27   whether any of Your Employees have followed or violated policies and/or guidelines concerning

28   Property Inspections and Pay-to-Pay Fees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants object that this request is vague and ambiguous.  The request is vague and ambiguous, among other reasons, in its use of the phrase "[a]ll documents concerning." Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege in its request for "[a]ll documents concerning" the investigation.

Defendants further object that this request is unduly burdensome in that it purports to require Defendants to analyze all investigations into its individual employee reviews to determine if any exist relating to property inspections and online and telephonic payment fees.  Such a search is not proportional to the needs of this case.

Defendants further object that this request seeks information that is not relevant to the claims and defenses of the parties.  The complaint contains allegations pertaining to Defendants' practice of charging property inspection and online and telephonic payment fees.  It does not contain allegations that Defendants' employees did not receive proper training on this issue, or that they failed to follow company policies.

Defendants further object that this request seeks information that violates third parties' right to privacy.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning any investigation You have conducted or overseen concerning whether any of Third Party Property Inspection Vendors have followed or violated policies and/or guidelines concerning Property Inspections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants object that this request is vague and ambiguous.  The request is vague and ambiguous, among other reasons, in its use of the phrase "[a]ll documents concerning" and "investigation."  Defendants further object that this request does not state with reasonable particularity the records sought.

Defendants object to this request to the extent it seeks documents protected by the attorney-client privilege in its request for "[a]ll documents concerning" the "investigations."

Subject to their specific and general objections stated above, and without waiver of any of

1  those objections, Defendants respond: Defendants will produce records demonstrating audits they

2  performed between 2013 and the present of vendors used to conduct property inspections, to the

3  extent they exist.

4  **REQUEST FOR PRODUCTION NO. 35:**

5      Documents sufficient to show any changes You have made at any time to Your business

6  practices concerning Property Inspections and Pay-to-Pay Fees.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

8      Defendants object to this request to the extent it seeks information protected by the

9  attorney-client privilege.

10      Subject to their specific and general objections stated above, and without waiver of any of

11  those objections, Defendants respond: Defendants will produce past and current versions of

12  policies and procedures identified in response to Requests Nos. 2 and 3 in effect between 2013 and

13  the present.

14  **REQUEST FOR PRODUCTION NO. 36:**

15      All Documents concerning, collecting or reflecting complaints about the Property

16  Inspections (including fees charged for them) and/or Pay-to-Pay Fees where such complaints were

17  made by borrowers whose loans Nationstar has serviced or services.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

19      Defendants object that this request is vague and ambiguous.  The request is vague and

20  ambiguous, among other reasons, in its use of the phrases "[a]ll documents concerning."

21  Defendants further object that this request is overbroad and unduly burdensome in that it purports

22  to require Nationstar to review any and all records relating to borrowers' complaints in the last

23  twelve years to determine whether or not they concerned property inspections or online and

24  telephonic payment fees.  Such a search and production is not proportional to the needs of this

25  case at this time.

26      Defendants object to this Request on the grounds that it seeks confidential information

27  relating to purported absent class members that would violate their right to privacy.  Defendants

28  maintain that this case is not appropriate for class certification and that, even if a class were

RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

1  ultimately certified, the class definition would have to be limited and/or altered significantly.

2  Because class certification has not yet been adjudicated, Plaintiffs have no standing to represent

3  any purported absent class members and cannot issue discovery requests on their behalf.  Requests

4  seeking information related to purported absent class members are not relevant to the proceeding

5  as they are not related to either parties' claims or defenses.  (See Fed. R. Civ. P. 26(b)(1).)

6  Moreover, Defendants further object that producing logs and records of individual borrowers'

7  complaints would require the disclosure of those borrowers' private and confidential financial

8  information.  Defendants object that doing so would violate those borrowers' rights to privacy.

9         Defendants further object to this request to the extent it seeks documents protected by the

10 attorney-client privilege in its request for "[a]ll documents concerning" the "complaints."

11 **REQUEST FOR PRODUCTION NO. 37:**

12        All transcripts of and exhibits to any deposition taken of any of Your current or former

13 employees, directors or officers concerning Property Inspections, Pay-to-Pay Fees, and/or the

14 relationship between Defendants and/or the relationship between any or all Defendants and any

15 Property Inspection Vendor.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

17        Defendants object that this request is overbroad and unduly burdensome.  As stated, the

18 request purports to require Defendants to examine all depositions taken in any lawsuit in the last

19 twelve years to determine whether or not the transcript and/or portions of the transcript relate to

20 property inspections, online and telephonic payments, or either Defendants' relationship with any

21 of the property inspection vendors each used.

22        Defendants further object that this request seeks information that is not relevant to the

23 claims and defenses of the parties to the extent it seeks entire depositions from other litigations

24 whether or not the deposition pertains exclusively to the issues in this cases.  This request is not

25 limited to the discrete issues of this case and thus explicitly requests irrelevant information outside

26 the scope of permissible discovery.

27 **REQUEST FOR PRODUCTION NO. 38:**

28        All Documents concerning any regulatory or governmental investigations, subpoenas,

1  examinations and inquiries related to Your residential loan servicing and origination practices,

2  bankruptcy and collections practices, and/or financial reporting practices, including but not limited

3  to with respect to the Consumer Financial Protection Bureau, the Federal Trade Commission, any

4  state department of financial institutions or similar agency, or any other local, state, or federal

5  entity.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

7       Defendants object that this request is vague, ambiguous, and compound.  The request is

8  vague and ambiguous, among other reasons, in its use of the phrase "[a]ll documents concerning."

9  Defendants further object to this request to the extent it seeks documents protected by the

10  attorney-client privilege in its request for "[a]ll documents concerning" the inquiries.

11       Defendants object that this request is overbroad and seeks information that is not related to

12  the claims and defenses of the parties.  The request explicitly requests irrelevant information such

13  as Defendants' origination practices, bankruptcy and collection practices, and/or financial

14  reporting practices.  The complaint contains no allegations regarding any of these practices, and

15  thus this information is outside the scope of permissible discovery.

16       Defendants further object to this Request to the extent it seeks items protected by the

17  applicable regulatory privilege (e.g. 12 C.F.R. 1070.47 or bank examination privilege).

18  **REQUEST FOR PRODUCTION NO. 39:**

19       All Documents concerning Your compliance with the Rosenthal Fair Debt Collection

20  Practices Act, Cal Civ. Code §§ 1788, et seq.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

22       Defendants object that this request is vague and ambiguous.  The request is vague and

23  ambiguous, among other reasons, in its use of the phrase "[a]ll documents concerning Your

24  compliance."  As stated, the request does not state with reasonable particularity what types of

25  records or documents are being sought.

26       Defendants further object that this request seeks information in the form of a legal

27  conclusion. Defendants further object to this request to the extent it seeks documents protected by

28  the attorney-client privilege.

1    Defendants further object that this request is overbroad and seeks information that is not

2  relevant to the claims or defenses of the parties. The request is overbroad in that it seeks all

3  records relating to any interaction any department has within Nationstar or Solutionstar with the

4  requirements of the Rosenthal Act.

5    Subject to their specific and general objections stated above, and without waiver of any of

6  those objections, Defendants respond: Defendants will produce its policies and procedures that

7  pertain to the requirements of the Rosenthal Act that relate to the claims and defenses in this case.

8  **REQUEST FOR PRODUCTION NO. 40:**

9    All Documents concerning Your compliance with the Fair Debt Collection Practices Act,

10  15 U.S.C. §§ 1692 et seq.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

12    Defendants object that this request is vague and ambiguous.  The request is vague and

13  ambiguous, among other reasons, in its use of the phrase "[a]ll documents concerning Your

14  compliance." As stated, the request does not state with reasonable particularity what types of

15  records or documents are being sought.

16    Defendants further object that this request seeks information in the form of a legal

17  conclusion. Defendants further object to this request to the extent it seeks documents protected by

18  the attorney-client privilege.

19    Defendants further object that this request is overbroad and seeks information that is not

20  relevant to the claims or defenses of the parties. Plaintiffs do not assert a claim for the FDCPA.

21  Thus, the information sought is not relevant and outside the permissible scope of discovery.

22  **REQUEST FOR PRODUCTION NO. 41:**

23    Minutes from and all other Documents that record meetings of Your Board(s) of Directors,

24  upper level management, committees, and/or internal working groups concerning Property

25  Inspections and/or Pay-to-Pay Fees.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

27    Defendants object that this request is vague and ambiguous in its failure to identify the

28  terms "upper level management," "committees," and "internal working groups." Defendants

1   further object that this request is unduly burdensome.  The request purports to require Defendants

2   to review all "minutes" or other records of the meetings conduct by the Board of Directors, any

3   upper level management, any committees, and any internal working groups to determine whether

4   or not property inspections and online and telephonic payment fees were discussed. Such a search

5   is not proportional to the needs of this case.

6   **REQUEST FOR PRODUCTION NO. 42:**

7          All Documents concerning any audit or evaluation of Your handling, processing, and/or

8   implementation of Property Inspections and/or Pay-to-Pay Fees.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

10          Defendants object that this request is vague and ambiguous.  The request is vague and

11   ambiguous, among other reasons, in its use of the phrases "[a]ll documents concerning", "any

12   audit or evaluation." As stated, this request does not state with sufficient particularity the records

13   requested.

14          Defendants further object to this request to the extent it seeks documents protected by the

15   attorney-client privilege in its request for "[a]ll documents concerning" any "audit or evaluation."

16          Defendants further object to this Request to the extent it seeks items protected by the

17   applicable regulatory privilege (e.g. 12 C.F.R. 1070.47 or bank examination privilege).

18   **REQUEST FOR PRODUCTION NO. 43:**

19          All Documents concerning any public statements you have made concerning Property

20   Inspections and Pay-to-Pay Fees.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

22          Defendants object that this request is vague and ambiguous.  The requests is vague, among

23   other reasons, in its used of the phrase "[a]ll documents concerning." Defendants further object to

24   this request to the extent it seeks documents protected by the attorney-client privilege in its request

25   for "[a]ll documents concerning" any public statements.

26          Defendants further object to this request as it seeks public statements made by Defendants

27   relating to property inspections and online and telephonic payment fees.  This information is

28   publicly available and therefore equally accessible to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents You intend to rely on to refute any claim alleged in Plaintiffs' First Amended Complaint or to support any defense You intend to raise in this Action, including but not limited to all Documents on which You intend to rely to oppose a motion for class certification under Fed. R. Civ. P. 23.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Subject to their general objections stated above, and without waiver of any of those objections, Defendants respond: Defendants will produce the non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 45:**

Any insurance agreements and policies that are or may be available to satisfy any part of all of any claims that have been made against You in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Subject to their general objections stated above, and without waiver of any of those objections, Defendants respond: Defendants will produce the non-privileged documents responsive to this request to the extent any exist.

DATED:  March 13, 2018                      SEVERSON & WERSON
                                            A Professional Corporation

                                            By:    _/s/ Mary Kate Kamka_
                                                      Mary Kate Kamka

                                            Attorneys for Defendants NATIONSTAR MORTGAGE
                                            LLC (erroneously named as Nationstar LLC) and
                                            SOLUTIONSTAR LLC

**PROOF OF SERVICE**

*Eugenio & Rosa Contreras, et al. v. Nationstar LLC, et al.*
U.S. Eastern District Court Case No. 2:16-cv-00302

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On March 13, 2018, I served true copies of the following document(s):

**RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

Derek W. Loeser, Esq.                           Attorneys for Plaintiffs
Dean Kawamoto, Esq.
KELLER ROHRBACK LLP                     Telephone:  (206) 623-1900
1201 Third Avenue, Suite 3200              Facsimile:  (206) 623-3384
Seattle, WA  98101                                *dloeser@kellerrohrback.com*
                                                             *dkawamoto@kellerrohrback.com*

Thomas E. Loeser, Esq.                          Attorneys for Plaintiffs
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300             Telephone:  (206) 623-7292
Seattle, WA  98101                                Facsimile:  (206) 623-0594
                                                             *toml@hbsslaw.com*

**BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 13, 2018, at San Francisco, California.

_____
SANDRA CHAO