# EXHIBIT S

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUANITA GARCIA, individually and on behalf of all others similar situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>Defendant. | No. C15-1808 TSZ<br><br>**FINAL ORDER AND JUDGMENT** |

This matter came before the Court for hearing on October 17, 2018. This Court has considered Plaintiff's Motion for Final Approval to Class Action Settlement, docket no. 109, including the class action settlement set forth in the Stipulation and Settlement Agreement (the "Settlement Agreement") between Plaintiff Juanita Garcia on behalf of herself and all members of the Settlement Class ("Plaintiffs"), and Defendant Nationstar Mortgage LLC ("Defendant") attached as Exhibit 1 to the motion at docket no. 109-1, together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel, as well as Plaintiff's Motion for Award of Attorneys' Fees, Expenses, and Incentive Award, docket no. 103, together with all exhibits thereto.

On May 25, 2018, the Court granted Plaintiff's motion for preliminary approval of a class action settlement in this case, appointed plaintiff Juanita Garcia as the Class Representative, and appointed Rafey S. Balabanian of Edelson PC and D. Frank Davis of Davis & Norris, LLP as Class

1  Counsel. Order (docket no. 99). The Court also approved the Class Notice, including Direct Notice
2  and the creation of the Settlement Website, and appointed Heffler Claims Group ("Heffler") as
3  Settlement Administrator. *Id.* In June 2018, Heffler compiled a list of class members, established a
4  toll-free number, obtained a Post Office box, and established a website with information about the
5  Settlement. Declaration of Joseph F. Mahan (docket no. 111) at ¶ 4-7. On July 23, 2018, Heffler
6  emailed notices to 119,511 Settlement Class Members. *Id.* ¶ 9. Of those emails, 5,503 were
7  determined to be undeliverable. *Id.* Those 5,503 records were added to the 43,974 records that
8  contained only a mailing address, and all 49,477 members were mailed a Postcard Notice on
9  August 3, 2018. *Id.* ¶¶ 9-10. Of the mailed postcards, 1,620 were identified by the postal service as
10 undeliverable, and 60 were returned with a forwarding address. *Id.* ¶ 12.

11        As of October 24, 2018, Heffler has received 6,596 timely Claim Forms submitted via
12 postcard, email, or fax and 8,443 timely Claim Forms submitted via the claims website. Notice
13 Regarding Settlement Administration (docket no. 121).[1] As of the same date, Heffler has received
14 40 Exclusion Requests and no notice of objection by any Class Member. Declaration of Joseph F.
15 Mahan (docket no. 111) at ¶ 13. As of this date, class member Sherlie Charlot has indicated she has
16 no objection as to the scope of the proposed settlement release, docket no. 120.

17        Pursuant to 28 U.S.C. § 1715(b), counsel for defendant sent notices of the Settlement to the
18 United States Attorney General and the Attorneys General of all the states in which Class Members
19 reside on July 27, 2018. Declaration of Erik Kemp (docket no. 113) ¶ 6. The Court is satisfied that
20 the notice requirements of 28 U.S.C. § 1715(b) were substantially met, and that the 90-day period
21 described in 28 U.S.C. § 1715(d), between service of the notice and the date of issuance of this
22 Order, has elapsed.

23        Forty-one individuals have requested exclusion from the class and the settlement of this
24 matter: Priscilla R. Hunsaker, Darren Ellerbee, Doris Turner, Jose Acevedo, Tonietta Coit, James
25 R. Mock, Jimmie White, Beryl Thomas, Joe Cabrera, David Hose, Sherry Brooks, James Kennedy,

---

[1] Heffler has received 116 untimely claim forms—i.e., those received after the October 3, 2018 claims deadline. Notice Regarding Settlement Administration (docket no. 121).

FINAL ORDER AND JUDGMENT - 2
(C15-1808 TSZ)

1  Maria Vide, Starline Dixon, Mary McCammon, Daniel Brooks, Chester Lempitsky, Jacqueline
2  White, Charles Engle, Dale Smith, Alfredo Caracena, Michelle Jackson, Robert Ridgeway, Tamara
3  Slutskaya, Timothy Tuck, Carols Capo, Herbert Lubitz, Richard Rutkowski, Jr., Hazel Henry,
4  Dennis Butz, James Davis, Robin Johnson, Stacie Hedley, Marilyn Sangmeister, Brian O'Neill,
5  Veva Johnson, Floy Johnson, Sherly Cisrow, Garland Groom, Devin Dilay, and Sherlie Charlot.
6  Only 34 of the exclusion requests match names on the class list. Declaration of Joseph F. Mahan
7  (docket no. 111), ¶ 13, Ex. 3; *see also* Docket nos. 114 and 115. This Final Order and Judgment
8  shall not bind or affect those individuals who have requested exclusion.

9       NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

10       1.    Terms and phrases in this Final Order and Judgment shall have the same meaning as
11  ascribed to them in the Settlement Agreement.

12       2.    The Court has personal jurisdiction over the parties and the Settlement Class
13  Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement
14  Agreement, including all exhibits thereto, and to enter this Final Order and Judgment.

15       3.    The Court finds that the Notice provided to the Settlement Class pursuant to the
16  Settlement Agreement and the Preliminary Approval Order and consisting of individual notice via
17  first-class U.S. Mail postcard and/or email to the Settlement Class, and an interactive settlement
18  website, has been successful and was the best notice practicable under the circumstances and: (1)
19  constituted notice that was reasonably calculated to, under all circumstances, apprise Settlement
20  Class Members of the pendency of the Litigation, the certification of the Settlement Class for
21  purposes of the Settlement, the terms of the Agreement, and the right of members to object to the
22  Settlement or to exclude themselves from the Settlement Class; (2) complies with the requirements
23  of the Federal Rules of Civil Procedure and the Due Process Clause; and (3) constitutes the best
24  notice practicable under the circumstances.

25       4.    The Court finds that Defendant properly and timely notified the appropriate
26  government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of
27  2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice,

1  and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90)
2  days have elapsed since Defendant provided notice pursuant to CAFA and the date this Final
3  Approval Order and Judgment is being entered, and no objections have been received by the Court.
4      5.    This Court now gives final approval to the settlement and finds that the Settlement
5  Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The
6  settlement consideration provided under the Settlement Agreement of $3,875,000 constitutes fair
7  value given to in exchange for the release of the Released Claims against the Released Persons.
8  Pursuant to the Settlement Agreement, within five (5) business days of the Final Settlement Date,
9  Defendant shall establish the Settlement Fund. The Court finds that the consideration to be paid to
10 members of the Settlement Class is reasonable and in the best interests of the Settlement Class
11 Members considering the disputed facts and circumstances of and affirmative defenses asserted in
12 the Litigation and the potential risks and likelihood of success of pursuing litigation on the merits.
13 The complex legal and factual posture of this case, the amount of discovery completed, that
14 Plaintiff sought to adversarially certify the identical class, and the fact that the Settlement is the
15 result of arm's-length negotiations between the Parties, including negotiations presided over by
16 John Bates, Esq. of JAMS, support this finding. The Court finds that these facts, in addition to the
17 Court's observations throughout the litigation, demonstrate that there was no collusion present in
18 the reaching of the Settlement Agreement, implicit or otherwise. *See In re Bluetooth Headset*
19 *Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This finding is also supported by, among
20 other things, the fact that the Settlement provides substantial monetary benefits to Settlement Class
21 Members and such benefits are not disproportionate to the attorneys' fees and expenses awarded to
22 Class Counsel or the Plaintiff; and the benefits provided to Settlement Class Members are
23 appropriate under the circumstances of this case.
24     6.    The Court has specifically considered the factors relevant to class settlement
25 approval (*see, e.g., Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004))—including,
26 inter alia, the strength of Plaintiffs case; the risk, expense, complexity, and likely duration of further
27 litigation; the risk of not maintaining class action status throughout trial; the relief provided for in

the settlement; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; and the reaction of the Settlement Class Members to the proposed settlement and upon consideration of such factors finds that the Settlement is fair, reasonable, and adequate to all concerned.

7. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

8. The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Named Plaintiff and all other Settlement Class Members, as well as their family members, heirs, administrators, successors, and assigns.

9. The Releases, which are set forth in Section 10 of the Settlement Agreement are effective as of the Final Settlement Date; and the Released Persons are forever released, relinquished, and discharged by the Releasing Persons from all Released Claims. Pursuant to the Settlement Agreement and this Order, only claims based on Convenience Fees as defined in paragraph 2.12 of the Settlement Agreement, charged to the "Settlement Class" making over-the-phone or on-line payments during the Class Periods as set forth in paragraph 3.1 of the Settlement Agreement, will be released by the Settlement. Class members having any other claims related to any other fee or charge or time period shall be unaffected by the Settlement and Release.

10. The Court has also considered Plaintiff's Motion for attorneys' fees of $968,750 and expenses of $16,383.53 to Class Counsel and adjudges that these payments are fair and reasonable for the following reasons and those stated in Court. In assessing the requested attorneys' fees, the Court has considered the relief achieved for the Settlement Class Members, the time and effort devoted by Class Counsel as demonstrated by their sworn declarations and the complexity of the legal and factual issues involved. The Court finds that the Attorneys' Fees and Expenses awarded to Class Counsel identified above is fair and reasonable under both a common fund approach and a lodestar approach. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002)

(finding in this Circuit, a 25% fee is the accepted "benchmark" in common fund cases); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) (lodestar approach).

11.  The Court has also considered Plaintiff's Motion and supporting declarations for a Case Contribution Award to the Named Plaintiff. The Court adjudges that the payment of a service award in the amount of $5,000 to the Plaintiff, to compensate her for her efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2013). Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement. The Court also approves up to the sum of $120,000 to be paid to Heffler Claims Group, the Settlement Administrator, for notice and administrative costs to be paid from the Settlement Fund.

12.  Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order and Judgment, nor any of its terms and provisions, shall be:

(a)   offered by any person or received against the Defendant as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendant of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Garcia Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Garcia Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendant;

(b)   offered by any person or received against the Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendant or any other wrongdoing by the Defendant;

(c)   offered by any person or received against the Defendant as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding;

    (d) offered by any person or received against Plaintiff or the Settlement Class as an admission of or evidence that any of the Settlement Class Members' claims are with our without merit; or

    (e) offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or the Final Order and Judgment.

  13. This Final Order and Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Person (as that term is defined in the Settlement Agreement) to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

  14. Plaintiff and all Settlement Class Members who have not opted out of the Agreement are barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto. Further, Plaintiff and all Settlement Class Members who have not opted out of the settlement are barred from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

  15. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

  16. Judgment is hereby ENTERED for purposes of Federal Rules of Civil Procedure 58 and 79, and the time period for filing any notice of appeal shall commence on the date of entry of this Final Order and Judgment. Without affecting the finality of this Final Order and Judgment, the Court retains continuing and exclusive jurisdiction over the construction, interpretation,

1  consummation, implementation, and enforcement of the Settlement Agreement, including

2  jurisdiction to enter such further orders as may be necessary or appropriate.

3      17.    The Clerk is DIRECTED to send a copy of this Final Order and Judgment to all

4  counsel of record and to CLOSE this case.

6  DONE and ORDERED in Chambers in Seattle, Washington, this 26th day of October, 2018.

                                                       Thomas S. Zilly
                                                       United States District Judge

12  cc:  All Counsel of Record