# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

EUGENIO AND ROSA CONTRERAS, WILLIAM PHILLIPS, TERESA BARNEY, KEITH AND TERESA MARCEL, SHERLIE CHARLOT, and JENNIE MILLER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC, a Delaware Limited Liability Company; SOLUTIONSTAR HOLDINGS LLC (N/K/A XOME HOLDINGS LLC), a Delaware Limited Liability Company; and SOLUTIONSTAR FIELD SERVICES LLC, a Delaware Limited Liability Company,

Defendants.

No. 2:16-cv-00302-MCE-EFB

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Upon review and consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, including the parties' Settlement Agreement and Release (the "Settlement Agreement") and all exhibits thereto, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.     The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise

indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

2. The Court has conducted an evaluation of the settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that the Settlement Agreement meets all applicable requirements of Fed. R. Civ. P. 23(e) for settlement purposes only. The Court further finds that: (i) there is good cause to believe that the settlement is fair, reasonable, and adequate, (ii) the Class Representatives and Class Counsel have adequately represented the Classes; (iii) the Settlement Agreement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of Hon. William J. Cahill (Ret.) of JAMS, (iv) the relief provided for the Settlement Classes is adequate; and (v) the Settlement Agreement warrants notice of its material terms to the Settlement Class Members for their consideration and reaction. Therefore, the Court grants preliminary approval of the Settlement Agreement.

3. The Court finds that it will likely be able to certify the Settlement Classes for purposes of settlement only after the Final Approval Hearing. The Court preliminarily finds that the class action prerequisites of Fed. R. Civ. P. 23(a) have been satisfied. Specifically, the Court preliminarily finds that: (i) the Settlement Class is so numerous that joinder would be impractical, (ii) common questions of law and fact exist as to the class, (iii) the claims or defenses of the representative parties, Named Plaintiffs Eugenio and Rosa Contreras, Sherlie Charlot, and Jennie Miller, are typical of the claims or defenses of the class, (iv) Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the class, (v) common questions of law and fact predominate over questions affecting only individual members of the Settlement Class, and (vi) resolution of the claims in this Litigation by way of a settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class. Accordingly, the Court preliminarily finds that it will likely be able to certify the Settlement Classes, which are defined in the Settlement Agreement as follows:

(1) <u>California Class</u>: all residents of California, who, from February 1, 2012 to February 14, 2022, made a payment to Nationstar on a residential mortgage loan over the phone or online

1  that included a Convenience Fee at Issue charged by Nationstar for using the phone or internet;

2  (2) <u>Florida Class</u>: all residents of Florida, who, from February 1, 2012 to February 14,
3  2022, made a payment to Nationstar on a residential mortgage loan over the phone or online that
4  included a Convenience Fee at Issue charged by Nationstar for using the phone or internet; and

5  (3) <u>Illinois Class</u>: all residents of Illinois, who, from February 1, 2013 to February 14,
6  2022, made a payment to Nationstar on a residential mortgage loan over the phone or online that
7  included a Convenience Fee at Issue charged by Nationstar for using the phone or internet.

8  Excluded from the Settlement Classes are (i) individuals who are or were officers or
9  directors of the Defendants or any of their respective affiliates; (ii) any justice, judge, or
10 magistrate judge of the United States; (iii) all individuals who file a timely and proper request to
11 be excluded from the Settlement Class.

12  4.  For settlement purposes only, the Court hereby preliminarily approves the
13 appointment of Named Plaintiffs Eugenio and Rosa Contreras, Sherlie Charlot, and Jennie Miller
14 as representatives of the Settlement Class.

15  5.  For settlement purposes only, the Court hereby preliminarily approves the
16 appointment of the following attorneys as Class Counsel: Keller Rohrback L.L.P. and Hagens
17 Berman Sobol Shapiro LLP.

18  6.  A hearing regarding final approval of the Settlement ("Final Approval Hearing")
19 will be held at 2:00 p.m. on November 10, 2022 in courtroom 7 of the United States District Court
20 for the Eastern District of California, to determine, among other things whether (i) final approval
21 of the Settlement Agreement should be granted and (ii) Class Counsel's application for attorneys'
22 fees and expenses and a Service Award to the Named Plaintiffs should be granted. No later than
23 September 6, 2022, Plaintiffs must file their papers in support of final approval of the Settlement
24 and Class Counsel's application for attorneys' fees and expenses. No later than November 3, 2022,
25 Plaintiffs must file their reply papers in support of final approval of the Settlement Agreement and
26 in response to any objections.

27  7.  The Court approves the Class Notice in the Settlement Agreement, including the
28 manner and content of the Email Notice, Postcard Notice, and Long-Form Notice attached as

Exhibits 3–5 to the Joint Declaration of Laura R. Gerber and Thomas E. Loeser in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and the creation of the Settlement Website, as more fully described in the Settlement Agreement. The Court finds that this is the best practicable Class Notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Litigation, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Classes. The Court further finds that the forms of Class Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process and Fed. R. Civ. P. 23. The Email Notice shall be transmitted no later than 15 days after entry of this Order, and Postcard Notice shall be transmitted no later than 30 days after entry of this Order.

8.      Pursuant to the Settlement Agreement, Class Counsel has selected AB Data, Ltd. as Settlement Administrator to perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order. The Settlement Administrator shall use the data regarding the Settlement Class members solely for the purposes of meeting its obligations as Settlement Administrator and for no other purpose.

9.      Any Settlement Class Member who wishes to be excluded from the Settlement Class must send a written Request for Exclusion to the Settlement Administrator by first-class mail, postage prepaid, to the address provided in the Class Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than forty-five days (45) days after the Class Notice is sent, which shall be no later than ninety (90) days after the entry of this Order. To be valid, the Request for Exclusion must: (a) identify the case name; (b) identify the name and address of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the Class Action." Mass or class opt outs shall not be allowed. If the proposed settlement is approved, any Settlement Class Member who has not submitted a timely-written

1  Request for Exclusion from the Class shall be bound by all subsequent proceedings, orders, and
2  judgments in this Litigation, even if he or she has pending, or subsequently initiates, litigation
3  against Defendants relating to any of the Released Claims to Settlement Agreement.
4        10.     Any Settlement Class Member who has not filed a timely-written Request for
5  Exclusion, and who complies with the requirements of this Paragraph, may comment in support of
6  or in opposition to any aspect of the proposed settlement, either on his or her own, or through an
7  attorney hired at their expense. Any papers submitted in support of said objection shall be
8  considered by the Court at the Final Approval Hearing, only if the Person making an objection
9  shall, on or before the Objection Deadline approved by the Court and specified in the Notice, file
10 notice of their intention to do so and at the same time (a) file copies of such papers they propose to
11 submit at the Final Approval Hearing with the Clerk of the Court, (b) file copies of such papers
12 through the Court's CM/ECF system if the objection is from a Settlement Class Member
13 represented by counsel, who must also file an appearance, and (c) send copies of such papers via
14 mail, hand, or overnight delivery service to both Class Counsel and Defense Counsel.

     <u>All Notices to Class Counsel shall be sent to Class Counsel, c/o</u>:

Laura R. Gerber
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
(206) 623-1900
Fax (206) 623-3384

    and

Thomas E. Loeser
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
(206) 623-7292
Fax (206) 623-0594

<u>All Notices to Defendants shall be sent to Defendants' Counsel, c/o</u>:

Mark D. Lonergan
Mary Kate Sullivan
Severson & Werson, A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
(415) 398-3344
Fax (415) 956-0439

11.     Any Settlement Class Member who intends to object to this Settlement Agreement must include in the objection the following information: (1) the objecting Settlement Class Member's full name, current address, and telephone number; (2) the last four digits of their loan number; (3) a statement of the position the objector wishes to assert, including whether they are objecting to the proposed Settlement or the application for attorneys' fees and expenses in this Action; (4) a statement of the factual and legal reasons for the objection and whether it applies only to the objector, to a subset of the Settlement Class, or the entire Settlement Class; (5) the identity of any witnesses that the objector may call in connection with their objection and a summary of their testimony; (6) a list of all prior settlements to which the objector has objected; (7) the name(s) and contact information of any lawyer(s) representing, advising, or in any way assisting the objector with the objection; (8) copies of all documents that the objector wishes to submit in support of their position; and (9) the objector's signature. In addition, if the Settlement Class Member intends to appear at the Final Approval Hearing they must include a statement to that effect.

12.     Any Settlement Class Member who fails to timely file a written objection with the Court and provide notice of their intent to appear at the Final Approval Hearing in accordance with the terms of this Order and as detailed in the Class Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived their objections and be forever barred from making any such objections in the Litigation or any other

action or proceeding.

13. If the Settlement is finally approved, all Settlement Class Members who have not filed a timely and proper Request for Exclusion shall release the Released Persons from all Released Claims, as described in Section 9 of the Settlement Agreement.

14. All Settlement Class Members who do not timely exclude themselves from the Settlement Class are hereby barred from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims (as that term is defined in the Settlement Agreement); or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims.

15. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions in the litigation existing as of January 24, 2022, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

16. This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the

1  Settlement Class Members that their claims lack merit or that the relief requested in the Complaint
2  in this Litigation is inappropriate, improper, or unavailable, or as a waiver by any party of any
3  defenses they may have.
4     17.   The Court authorizes the Parties to take all necessary and appropriate steps to
5  implement the Settlement Agreement.
6     IT IS SO ORDERED.
7  Dated: July 8, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE