1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

11

12

13

14

15

16

17

18

19

20

21

22

EUGENIO AND ROSA CONTRERAS,
WILLIAM PHILLIPS, TERESA BARNEY,
KEITH AND TERESA MARCEL, SHERLIE
CHARLOT, and JENNIE MILLER, on behalf
of themselves and all others similarly situated,

Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC, a
Delaware Limited Liability Company;
SOLUTIONSTAR HOLDINGS LLC (N/K/A
XOME HOLDINGS LLC), a Delaware
Limited Liability Company; and
SOLUTIONSTAR FIELD SERVICES LLC, a
Delaware Limited Liability Company,

Defendants.

No. 2:16-cv-00302-MCE-EFB

**FINAL APPROVAL ORDER AND
JUDGMENT**

Action Filed:   February 12, 2016
FAC Filed:      August 30, 2017
SAC Filed:      September 24, 2018
TAC Filed:      May 6, 2020

23

24

25

26

27

28

   This matter having come before the Court for hearing pursuant to Plaintiffs' Unopposed

Motion for Final Approval of Settlement Agreement and Certification of Settlement Class, ECF

No. 163, and Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards,

ECF No. 164, as set forth in the Settlement Agreement and Release ("Settlement Agreement'),

and due to adequate notice having been given to the Settlement Class Members as required in the

Order Granting Preliminary Approval of Class Action Settlement, ECF No. 162, and the Court

having considered all papers filed and proceedings had herein and otherwise being fully informed of the promises and good cause appearing therefore, it is ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Final Approval Order and Judgment ("Final Approval Order") incorporates by reference the definitions in the Settlement Agreement. All capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all of the Parties to the Litigation.

3.      For purposes of settlement only, the Parties have stipulated to the certification of three Settlement Classes under Fed. R. Civ. P. 23, defined as all Settlement Class Members who do not request exclusion from the Settlement and meet the following criteria:

(1) California Class: all residents of California, who, from February 1, 2012 to February 14, 2022, made a payment to Nationstar on a residential mortgage loan over the phone or online that included a Convenience Fee at Issue charged by Nationstar for using the phone or internet;

(2) Florida Class: all residents of Florida, who, from February 1, 2012 to February 14, 2022, made a payment to Nationstar on a residential mortgage loan over the phone or online that included a Convenience Fee at Issue charged by Nationstar for using the phone or internet; and

(3) Illinois Class: all residents of Illinois, who, from February 1, 2013 to February 14, 2022, made a payment to Nationstar on a residential mortgage loan over the phone or online that included a Convenience Fee at Issue charged by Nationstar for using the phone or internet.

Excluded from the Settlement Classes are: (i) individuals who are or were officers or directors of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States; and (iii) all individuals who file a timely and proper request to be excluded from the Settlement Class.

FINAL APPROVAL ORDER AND JUDGMENT

4. <u>Certification</u>. As to the Settlement Classes, the Court finds that the class action prerequisites of Fed. R. Civ. P. 23(a) have been satisfied. Specifically, the Court finds that: (i) the Settlement Classes are so numerous that joinder would be impractical; (ii) common questions of law and fact exist as to the Settlement Classes; (iii) that the claims or defenses of the Named Plaintiffs are typical of the claims or defenses of the Settlement Classes; and (iv) that the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Classes. As to the Settlement Classes, the Court also finds "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Because all the class certification requirements of Fed. R. Civ. P. 23 have been met as to the Settlement Classes, the Court certifies the Settlement Classes for purposes of this Settlement.

5. The Court appoints Keller Rohrback L.L.P. and Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Classes, and Named Plaintiffs Eugenio and Rosa Contreras, Sherlie Charlot, and Jennie Miller as class representatives for the Settlement Classes.

6. The Class Notice provided to the Settlement Classes conformed with the requirements of Fed. R. Civ. P. 23, the United States Constitution, and any other applicable law, and constituted the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The Class Notice fully satisfied the requirements of Due Process.

7. No Settlement Class Members have objected to the terms of the Settlement.

8. A list of Settlement Class Members who timely requested exclusion in proper form pursuant to Section 10.1 of the Settlement Agreement is attached hereto as Exhibit 1.

9. The Court finds that Defendants properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendants' notice

1  sent on May 9, 2022 and finds that it complied with all applicable requirements of CAFA.

2  Further, more than ninety (90) days have elapsed since Defendants provided notice pursuant to

3  CAFA to the appropriate state officials and the date set for the Final Approval Hearing.

4       10.    This Court now gives final approval to the Settlement and finds that the Settlement

5  Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Classes. The

6  Settlement consideration provided under the Settlement Agreement constitutes fair value given

7  in exchange for the release of claims against the Released Persons. The Court finds that the

8  consideration to be paid or provided to Settlement Class Members is reasonable and in the best

9  interests of the Settlement Classes considering the disputed facts and circumstances of and

10 affirmative defenses asserted in the Litigation and the potential risks and likelihood of success of

11 pursuing litigation on the merits. The complex legal and factual posture of this Litigation, the

12 amount of discovery completed, and the fact that the Settlement is the result of arm's-length

13 negotiations between the Parties, including negotiations presided over by the Honorable William

14 J. Cahill (Ret.) of JAMS, support this finding. The Court finds that these facts demonstrate that

15 there was no collusion present in the reaching of the Settlement Agreement, implicit or

16 otherwise. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

17      11.    The Court has specifically considered the factors relevant to class settlement

18 approval as required by Fed. R. Civ. P. 23(e)(2) including, *inter alia*, whether Named Plaintiffs

19 and Class Counsel have adequately represented the Settlement Classes, whether the Settlement

20 was negotiated at arm's length, the relief provided to the Settlement Classes, taking into account

21 the costs, risks and delay of trial and appeal, the effectiveness of distributing payments to

22 Settlement Class Members; the terms of the proposed attorneys' fees, including timing of

23 payment, and any agreements required to be identified under Fed. R. Civ. P. 23(e)(3); and

24 whether the proposal treats Settlement Class Members equitably relative to one another—and

25 upon consideration of such factors finds that the Settlement is fair, reasonable, and adequate to

26 all concerned.

27      12.    Accordingly, the Settlement is hereby finally approved in all respects, and the

28 Parties are hereby directed to implement and consummate the Settlement Agreement according

to its terms and provisions.

13.    The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Named Plaintiffs and all other Settlement Class Members, as well as their family members, heirs, administrators, successors, and assigns.

14.    Upon entry of this Final Approval Order, compensation to Settlement Class Members shall be effected pursuant to the terms of the Settlement.

15.    In addition to any recovery that the Named Plaintiffs may receive under the Settlement, and in recognition of the Named Plaintiffs' efforts and risks taken on behalf of the Settlement Classes, the Court hereby approves the payment of Service Awards to the three Named Plaintiffs in the amount of $10,000.00 each or $30,000.00 total.

16.    The Court approves the payment of Attorneys' Fees to Class Counsel in the sum of $2,150,000.00 and the reimbursement of litigation Expenses in the sum of $226,585.83.

17.    The Court approves and orders payment to the Settlement Administrator, A.B. Data, Ltd., in the amount of $104,554.92 for its performance of its settlement claims administration services provided to date, and further approves and orders payment to A.B. Data, Ltd. from the Settlement Fund for completion of the primary distribution in the amount of $183,961.18. The Settlement Agreement provides for a secondary distribution in the event there are amounts remaining in the Settlement Fund following the distribution of electronic payments and checks. Class Counsel will notify the Court prior to making any secondary distribution. All administrative costs for a secondary distribution must be taken from the amount remaining in the Settlement Fund. If a secondary distribution is not feasible, the Parties will confer and make a *cy pres* application for approval by the Court.

18.    The Releases, which are set forth in Section 9 of the Settlement Agreement, are expressly incorporated herein in all respects and are effective as of the Final Settlement Date. Upon the Final Settlement Date, the Settlement Class Members, (except any excluded individuals referenced in Exhibit 1 of this Final Approval Order), shall, by operation of the Final Approval Order, be deemed to have fully, conclusively, irrevocably, forever, and finally

released, relinquished, and discharged the Released Persons from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees and expenses, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Classes may have on or before February 14, 2022 or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been alleged in the Litigation that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning Convenience Fees at Issue charged by Nationstar to the Settlement Classes during the applicable Class Periods outlined in Paragraph 3.1 of the Settlement Agreement, including but not limited to claims related to charges for making payments to Nationstar over the phone or internet and claims or causes of action based on such charges for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, violation of the Rosenthal Fair Debt Collection Practices Act, violation of the California Unfair Competition Law, violation of the Florida Deceptive and Unfair Trade Practices Act, and violation of the Illinois Consumer Fraud Act.

19.     Furthermore, Named Plaintiffs and all Settlement Class Members are hereby barred and permanently enjoined from: (a) filing, commencing, prosecuting, intervening in, promoting, or participating (as class members or otherwise) in any action in any jurisdiction based on any of the Released Claims or the facts and circumstances relating thereto; and (b) organizing Settlement Class Members who have not been excluded from the Settlement Classes into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on any of the Released Claims or the facts and circumstances relating thereto.

20.     This Final Approval Order, the Settlement, and all negotiations, statements, documents, and/or proceedings in connection with this Settlement are not and shall not be

construed as an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

21.   This Final Approval Order is intended to be a final disposition of the above captioned action in its entirety and is intended to be immediately appealable.

22.   This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the Settlement, and any and all claims, asserted in, arising out of, or related to the subject matter of the Litigation, including but not limited to all matters related to the Settlement and the determination of all controversies related thereto.

IT IS SO ORDERED.

Dated:  November 14, 2022

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

FINAL APPROVAL ORDER AND JUDGMENT

# EXHIBIT 1

## LIST OF OPT-OUTS

1. **Thomas E. Vittitow (Estate of)**
2. **Jackerly McFadden**
3. **Guadalupe Vera**
4. **David Hale**